1   MURIEL B. KAPLAN, ESQ. (SBN: 124607)
    MICHELE R. STAFFORD, ESQ. (SBN: 172509)
2   SALTZMAN & JOHNSON LAW CORPORATION
    120 Howard Street, Suite 520
3   San Francisco, CA  94l05
    Telephone:  (4l5)  882-7900
4   Facsimile:   (415) 882-9287
    mkaplan@sjlawcorp.com
5   mstafford@sjlawcorp.com

6   Attorneys for Plaintiffs,
    BAKERS HEALTH AND
7   WELFARE TRUST, et. al.

8

9                    IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  BAKERS HEALTH AND WELFARE          CASE NO.: C 06-5790 CRB
    TRUST, et al.,
13                                     **REQUEST FOR AMENDED**
         Plaintiffs,                   **JUDGMENT, PURSUANT TO**
14                                     **STIPULATION**
    v.
15
    RICHARD PINOCCI, et al.,
16
         Defendants.
17  _____/

18         IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment in the

19  within action may be amended in favor of the Plaintiffs and against Defendants Richard Pinocci and

20  Italian French Baking Company,  as follows:

21         1.      On January 22, 2007 this court entered a Default Judgment in favor of Plaintiffs and

22  against Defendants in the amount of $15,606.20. Following Plaintiffs' request for entry of that

23  Judgment, Defendants made some payments to Plaintiffs, but also incurred further debt.

24         2.      The parties have now agreed to satisfy the Judgment and resolve the ongoing debt in

25  accordance with the terms herein.

26         3.      Defendants entered into a valid collective bargaining agreement with the Bakery,

27  Confectionary, Tobacco Workers and Grain Millers International Union Local 24 (hereinafter

28  "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the

                   **REQUEST FOR AMENDED JUDGMENT PURSUANT TO STIPULATION**
                                                            **Case No.: C 06-5790 CRB**

present time.

4.      Pursuant to the Bargaining Agreement and the Trust Agreement of Plaintiff Fund as amended, which is incorporated into the Bargaining Agreement, Defendants are indebted to Plaintiffs in the following sum representing contributions owing under the Bargaining Agreement for hours worked for the period from September 1, 2006 through December 31, 2006; liquidated damages and interest for late payment of contributions for the period from July 2005 through December 2006, attorneys fees and costs of this action as follows:

| Unpaid Contributions | 9/06 | $232.00 |
| | 10/06 | 2,319.00 |
| | 11/06 | 2,400.00 |
| | 12/06 | 2,400.00* |
| | | $7,351.00* |
| 20% Liquidated Damages | (7/05, 6/06-12/06) | 4,068.60* |
| 6% Interest to 1/25/05 | (to 2/25/07) | 361.02* |
| 5% Liquidated Damages | (11/05) | 131.60 |
| Attorneys Fees | (8/29/06-1/31/07) | 2,941.00 |
| Costs of Suit | | 440.00 |
| **TOTAL** | | **$15,293.22** |

*  December 2006 contributions have been estimated at $2,400, but shall be reported and paid at actual amount due.

5.      Defendant shall pay the sum of **$15,293.22** to Plaintiffs (as adjusted by amounts actually due based on the December 2006 report) by monthly payments of **$1,316.23** beginning on **February 25, 2007**, and continuing with payments due on or before the 25th of each month for 12 months, through January 25, 2008. *Defendants' December 2006 report shall accompany or precede the first stipulated payment sent to Saltzman & Johnson Law Corporation as provided below.* Defendant shall have the right to increase the monthly payments at any time; payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 6% per annum from February 26, 2007, until paid in full, in accordance with Plaintiffs' Trust Agreements.

6.      Payments shall be made by check made payable to the *Bakers Health and Welfare*

1  *Fund*, and delivered to Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San

2  Francisco, CA  94105 **on or before the 25th of each month as stated above**,  or to such other

3  address as may be specified by Plaintiffs.  In the event that any check submitted by Defendant fails

4  to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default

5  on the Judgment entered, and all amounts due hereunder shall be due on demand. If Defendant elects

6  to cure said default, all such payments shall be made by cashier's check.  Default will only be cured

7  by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law

8  Corporation within seven (7) days of the date of the notice from Plaintiffs.

9          7.       Prior to Defendant's final payment hereunder, Plaintiffs shall advise Defendant in

10  writing of the balance due under the terms of this Stipulation, including any liquidated damages,

11  interest, attorneys fees and costs as provided in paragraphs 8 and 9 below.

12          8.       Beginning with contributions due for hours worked by Defendants' employees during

13  the month of January 2007, and for every month thereafter until this judgment is satisfied,

14  Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective

15  Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the

16  Declarations of Trust as amended. **Copies of Defendants' monthly reports and contribution**

17  **checks shall be faxed to Plaintiffs' counsel, Muriel Kaplan at (415) 882-9287 on the same day**

18  **of their mailing to the Trust Fund**. Failure by Defendants to remain current in contributions shall

19  constitute a default of the obligations under this agreement and the provisions of Paragraph 9 shall

20  apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 6%

21  per annum interest accrued on those contributions, shall be added to and become a part of this

22  Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable

23  Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and

24  future contributions and the provisions of this agreement are in addition thereto.

25          9.       In the event that Defendants fail to make any payment required under paragraph 5

26  above, or fail to remain current in any contributions under paragraph 8 above, then,

27          (A)      The entire balance of **$15,293.22**, less principal payments received by

28  Plaintiffs, but increased by interest thereon, any unpaid contributions then due, plus 20% liquidated

**REQUEST FOR AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C 06-5790 CRB**

P:\Clients\Baker\Cases\ITAL6\Pleadings\Request for Amended Judgment Pursuant to Stipulation 020107.wpd

1    damages and 6% per annum interest on late paid or unpaid contributions as provided in above

2    paragraph 8 shall be immediately due, together with any additional attorneys fees and costs under

3    section (D) below.

4              (B)     A writ of execution may be obtained against Defendants without  further

5    notice to Defendants or legal action, in the amount of the unpaid balance, plus any additional

6    amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs

7    setting forth any payment theretofore made by or on behalf of Defendants and the balance due and

8    owing as of the date of default.

9              (C)     Defendants  waive all rights to stay of execution and appeal.

10             (D)     Defendants shall pay all additional costs and attorneys fees incurred by

11   Plaintiffs in connection with collection of the amounts owed by Defendants to Plaintiffs under this

12   Stipulation.

13        10.     Any failure on the part of the Plaintiffs to take any action against Defendants as

14   provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

15   a waiver of any subsequent breach by the Defendants of any provisions herein.

16        11.     In the event of the filing of a bankruptcy petition by Defendants, the parties agree that

17   any payments made pursuant to the terms of this judgment, shall be deemed to have been made in

18   the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be

19   claimed by as a preference under 11 U.S.C. Section 547 or otherwise.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**REQUEST FOR AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C 06-5790 CRB**

12.     Plaintiffs specifically reserve all rights to bring a subsequent action against Defendants for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation.  Defendants specifically waive the defense of the doctrine of res judicata in any such action.


Dated: February 28, 2007          ITALIAN FRENCH BAKING COMPANY


                                  By: _____/s/_____
                                          Richard Pinocci

                                  Its:    Owner


Dated: February _____, 2007       By: _____
                                          Richard Pinocci, Individually


Dated: February 28, 2007          SALTZMAN & JOHNSON LAW CORPORATION


                                  By: _____/s/_____
                                          Muriel B. Kaplan
                                          Attorneys for Plaintiffs


IT IS SO ORDERED.


Dated: _August 28, 2007_____      _____
                                  UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED

Judge Charles R. Breyer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


**REQUEST FOR AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C 06-5790 CRB**

5